Good morning. May it please the Court, Elizabeth Barros, Federal Defenders of San Diego, on behalf of Mr. Thomas, I will try to reserve one minute for rebuttal. This case involves the District Court's extension of a commitment under 4241 without providing any meaningful process. The District Court's actions in this case violated the statute, the Constitution, and its factual findings were based on a scanty record consisting of only a brief letter from the facility were clearly erroneous. Now I'll start by addressing the mootness issue and hopefully I'll have some time to turn to the merits. Before you get to the mootness issue, do we have jurisdiction on the basis of failure to apply timely, failure to file the notice of appeal timely? Yes, Your Honor. The notice of appeal was timely filed. It was filed seven days after the June 26th hearing. Yes, but the May 18th order is the order that's in front of us, is it not? No, Your Honor. At the June 26th hearing, we requested that the Court vacate the order that had been issued on May 18th. That was in purpose and effect a motion to reconsider. And the Court did ask to hear argument at the June 26th hearing. Based on what rule? Your Honor, the Court, this Court has said in Bella and in other cases that a district court retains the authority to reconsider interlocutory orders at any time. This was an interlocutory order and Counselor Was there any order entered on the docket? No, but at the hearing, the Court did, the Court did rule. If I can turn the Court to the record in this case. The Court said at ER 23, I'd love to hear your alternative request before I make up my mind. That was the Court at the June 26th hearing. And then at ER 31, Counsel said, for clarity of the record, are you denying Ms. Farros' objections? And the Court said yes. What is the document before us that we are to review? Your Honor, you can review both what happened at the June 26th hearing and the document, the written order on May 18th or May 19th. And I think that's clear from both Dieter and Belgaard that when a motion to reconsider is made, it calls into question the underlying order as well. It does? Yes. But usually there's an order either granting or denying. Do we have that here? The Court ruled that on June 26th, the Court did rule Is there even a minute order to that effect, that the judge granted a motion for, denied a motion for reconsideration? There's nothing in the docket from what I can tell. Your Honor, I don't think that that appears in the docket, but the Court clearly  Well, what piece of paper in the excerpt of record are you relying on? The transcript of the hearing as well as the May The transcript in and of itself is not dispositive, is it? Well, I think that the Court's oral ruling at that hearing is properly before the Court. Well, you – it's not that clear. I mean, you say at the hearing, you said I'm orally objecting. Yes. And we moved to vacate twice. Counsel requested that the Court vacate the hearing. That was at ER – the order. Excuse me. That was at ER 22 and again at ER 25. Counsel renewed the objections. Objections that the Court acknowledged it likely had not reviewed. That was at ER 27 when the Court said, but I might not have been aware of the fact that her objection was lodged. Counsel moved for Mr. Thomas's release at that time. That was at ER 22. Relief, which would have been premature prior to that date, because as the Court acknowledged at the hearing, we were just now coming upon the 120 days. And the Court had the power to modify its order at any time before final judgment. And the Court – the Court refused to do that at that hearing. And the Court's denial of that motion is what we appealed, which also under Deder and Bellegarde calls into question and allows this Court to review the original underlying order. If the Court would like me – has no further questions on timeliness, I'll move on to the mootness issue. This case clearly is not moot. As we stand here today, Mr. Thomas remains at – at Springfield. There's been no formal report received by the Springfield – from Springfield. There's been no hearing before the district court, and there's been no finding of competency. Has he been – hasn't he been released? He has not. I checked this morning, and at about 845, the BOP still lists him as being held at the Springfield facility. He has not been released from Springfield. So he remains at Springfield. We have not yet received a report from Springfield. There's been no hearing before the district court. There's been no finding of competency. And in any event, there remains a live controversy. The criminal case remains pending and – remains pending. The competency proceedings remain pending. And this is also an issue that is capable of repetition, yet evading review. I would turn the Court to the Tenth Circuit's en banc decision in Boyd Green, footnote 1, where the Tenth Circuit said that a commitment under 4241D is not mooted by the facility because it is an issue that's capable of repetition, yet evading review. Again, in – But we – we at least know that the doctor there has sent an – has sent an email indicating that she is of the opinion now that he's restored to competency. That's true. And that he is – they're making arrangements to transport him back to San Diego so the court can conduct a hearing. That's true. But if the court is – And as I have read her email, she said that she expected to have her report out by the end of – by the 10th, which I guess would be next week, early next week. Yes, Your Honor. That is true. But if the district judge is, in fact, a neutral and detached arbiter, we don't know what he will find. We also don't know if Mr. Thomas is going to deteriorate in the interim. What we do know is that he suffers from a lifelong mental illness. Not only that, I would turn the court to Turner v. Rogers. And in that case, the father – it was a case involving a father who was subject to civil commitment proceedings for failing to pay child support. And the Supreme Court held that the matter was not moot because Mr. Turner had been the subject of several prior civil contempt proceedings and it could reasonably be expected to occur again in the future. In this case, I would turn the court to ER 46. That is Dr. Gilbert's report, Dr. Gilbert from the MCC. And it notes that Mr. Thomas was – has been the subject of numerous prior competency proceedings. I counted five plus one transfer from a prison to a hospital when he was in state custody. It also notes that in at least one case, he was subject of competency proceedings numerous times within the same case. And so I think that there is a reasonable expectation that this issue is likely to recur within even the same case. Why don't you address the merits? What's your – the heart of your complaint? Yes. Your Honor, in this case, the court denied Mr. Thomas even basic due process. And that violated both the statute and the Constitution. The statutory scheme, read in light of the Constitution's demands, entitled Mr. Thomas to a hearing before he could be committed to the hospital for an additional period of months or years. Now, the government says that once an individual is committed to a mental hospital, the district court can continue their commitment, impose additional commitment hearings without a hearing of any kind. And when they talk about how long a person can be committed to the hospital, they say that the court is to look at the statutory maximum, in this case, 10 years as the benchmark for how long the district court can continue. That's not quite correct. Well, I disagree with that as being the benchmark, but that's the government's position in this case. That's not quite correct. And the statute – Wait a minute. So when the judge – when the district court initially found that he had – there were competency issues back in February, I guess it was, right? It was in February that he signed the order? In February, he found him to be incompetent. There was an initial, I think, delay in that competency.  But before he signed that order, there was a hearing? Yes, there was a hearing. You don't complain about that, the failure? No. There was a hearing? No, there was a hearing. And the district court made the proper findings? Yes. And there was a little bit of a delay, which you complain about, but nonetheless, he eventually made it back to Missouri? Yes. After about a six-week delay, he was transferred to Missouri. For evaluation? Correct. And then the doctors back there say, well, we need more time? Yes. And they send another letter, another email, with an explanation? Yes. And it's in response to that that the district court signed the May order, right? Yes. And he made findings? Yes. And apparently, your objection, your written objection, crossed paths with the district court. Is that right? Yes. It was docketed before the district court's order, but the court later acknowledged at the June 26th hearing that it had not reviewed those objections. And what you're suggesting is that what the district court had to do at that point was to order in everybody for a hearing before signing that order. Is that correct? Is that what you're arguing is? Under the circumstances of this case, yes. Here, the district court acknowledges that the letter that the facility sent cited to the wrong legal standard. There was no opinion by the doctor that there was a substantial likelihood of restoration within the additional time period. The doctor did not opine that she expected or even hoped Mr. Thomas to be restored within that time period. And I think if you look at the statute and interpret it in light of the doctrine of constitutional avoidance, that the statute does require that a hearing be held in this case. Do you contend that the statute requires a hearing to extend it? I do, Your Honor. And our 4247D uses broad language and it applies at a hearing, at any hearing under the chapter where the person's mental status is the subject of the hearing. Now, 4247D and 4241 are under the same chapter, 313, as Your Honor recognized in Gillenwater and the court previously recognized in Sturgis. 4241D requires that findings be made. And I would point the court to Vidic. In Vidic, the statute... Counsel, what do we do with Dr. Tyner's opinion that it was substantially likely that he would be restored to competence with continued treatment? Isn't that a finding? No, that was an opinion by her that at some point, she didn't say whether that would be within 4 years, within 4 months, or within 40 years. She didn't set any time frame for that. That was her opinion. The court was required to make findings, however. And in Vidic, the Supreme Court said that where the statute required a finding that the defendant was... that the inmate was both mentally ill and could not be properly treated in prison, that because the statute required the occurrence of certain behavior, that that triggered minimum due process rights. And so, that a hearing be held because the statute in that case required that findings be made. Now, if 4241D requires that findings be made, that means under Vidic that a hearing was required. And the type of hearing that was required to determine that, the court needs to look at 4247D, which dictates what that hearing must look like. And it specifically says that a defendant is entitled to the right to be present, the right to counsel, the right to testify, to cross-examine witnesses, and to present evidence. So the court was required to hold an evidentiary hearing in this case. Okay. Why don't we hear from the government? Thank you. Good morning, and may it please the court. Nicole Reese Fox on behalf of the United States. This appeal is untimely, it is moot, and it has no merit. Unless the court has questions about timeliness, I'll start with the mootness issue. What do you think we're reviewing? We are reviewing... You are reviewing the May 18th order. In the notice of appeal, it states that the defendant that Mr Thomas is appealing, the order extending the commitment, that order expressly vacates the June 26th hearing date. So nothing that occurred on June 26th is before this court. There was no motion for reconsideration. Had there been a motion for reconsideration, the only issue before this court would be whether the district court abused its discretion in denying that motion. And unless the motion for reconsideration is brought within the notice of appeal period, that notice of appeal period is not told. And so because the only date that she points to is June 26, which is not within the notice of appeal period, whatever happened at that hearing would not be enough to sort of call into this appeal everything that happened prior. So you see that what happened on the 26th of June was the court just was entertaining sort of comments and observations by counsel? Yes, it's a little unclear from the record what exactly occurred. The best I can surmise, the court had its regular calendar that day, and at the end, because this case for some reason remained on the clerk's calendar, the clerk was asked to call the case and did. Our prosecutor handling the case wasn't in the courtroom because he thought that the hearing had been vacated. So at some point, the person who was in the courtroom went and summoned him, and he came. And in the meantime, defense counsel explained that she sought to re-raise her objections and wanted the order vacated and wanted Mr. Thomas released. The district court didn't even have the case file in front of him, so when he says things like, oh, I don't even know that I saw the objections, I don't know that I signed the letter, he didn't even know, he hadn't prepared for the case, he didn't think the case was going to be held. So anything that the judge said without really knowing that a hearing was going to be held shouldn't be considered. And to the extent that anything on June 26 is considered, the only question is, did the district court abuse its discretion in denying whatever motion was raised that day? What about mootness? So we move to dismiss the appeal as moot. As Your Honor noted, Dr. Tyner has indicated that Mr. Thomas has been restored to competency. This appeal, the question raised in this appeal is whether the district court erred in extending Mr. Thomas's commitment period under subsection D-2A. Now that process has completed. Mr. Thomas has been deemed competent and proceedings are underway to transport him back to San Diego. But that competency, her assessment has not yet been reduced to a finding by the court. That is true. You have a right to challenge that. Yes, and that process is under a different subsection of the statute. What's going to happen now is under 4241E, the district court will hold a full competency hearing and will determine, is Mr. Thomas at this point competent? If he is, then the case will proceed to trial. And if he is not, then we start over again. And then we say, okay, if he's not competent, then should he be hospitalized again? Or are we at a point where we're going to move to civil commitment proceedings? So whatever happens when Mr. Thomas is returned to San Diego, that can be the subject of its own interlocutory appeal. Because we will have different findings, we will have different evidence, we'll be in a completely different posture than we are here. So the posture here is, whatever is at issue here is complete. And this issue is not one that is capable of repetition yet evading review because it doesn't meet either prong of that standard. The capable of repetition standard asks whether there's a reasonable likelihood that this specific situation will reoccur. And that's entirely speculative to say that Mr. Thomas will again be deemed incompetent, that he will be hospitalized for 120 days, that the facility will ask for an extension, and that the district court will use the same proceeding to grant or deny the extension request. And as to the... appeal about whether or not they're entitled to a hearing before they extend the period of time. Well, Your Honor, I would submit that had Mr. Thomas filed his notice of appeal in a timely fashion, immediately after the extension order was granted, and expedited the appeal as they did in this situation, this Court would have already issued a decision. Because we had almost, I think it was five weeks of delay before the notice of appeal was, and we're here already, you know, within a very short time period. So this sort of evading review... This appeal was, in fact, expedited. It was, Your Honor. And so had the notice of appeal been filed on May 19th, this Court could and likely would have already issued a decision, which suggests that it is not the type of issue that evades review. And unless... On the merits. Yes. The question on the merits is whether the district court clearly erred in looking at Dr. Tyner's letter and concluding that based on that letter there was a substantial probability that Mr. Thomas would be restored to competency within 120 days. And the district court took the reasonable inferences from that letter, which is that he was improving with medication, and that Dr. Tyner requested 120 days and determined that that was reasonable and that her opinion, which did cite the correct standard, that it was substantially likely that he would be restored to competency. Well, that's all well and good, but they didn't offer... He wasn't... Mr. Thompson wasn't offered an opportunity to rebut it in any kind of hearing, and that's what we're entitled to under the statute and under the Constitution. So what's your response to that? Well, Your Honor, the statute is very clear when a hearing is required. Subsection C of the statute is entitled hearing, and it refers to the hearing. The hearing is the hearing to determine the mental competency of the defendant, which is in Subsection A. Subsection D, where we are now, starts if, comma, after the hearing. So to say that the statute specifically requires a hearing before the Subsection D determination is made, but then is silent and therefore must also require a hearing at the extension period, makes no sense. It is not consistent with the statutory scheme. As a due process matter, this is sort of an intermediate stage. We're not talking about a competency determination that is then going to lead to trial. Here, it's just a question of the likelihood that the defendant is going to be restored to competency. And as we have here, at the point when the facility says, yes, he is competent, that's when he's entitled to a full hearing, and that's exactly what's going to happen. When he's returned to San Diego, there will be a full competency hearing. The defendant, at that point, can call his own experts, and all of the sort of procedural rights will be available at that point. He has no due process hearing for the extension. Regardless of how long the extension is going to be. Well, Your Honor... For 10 years. Well, certainly, the length of the extension that's being requested will bear on whether a hearing is required. But we don't know that until we hear from the doctor. The extension is done on an affidavit or a letter, and no hearing, and it could be indefinite. Could it not? It could not be indefinite. The statute permits only a reasonable period of time. So if the doctor comes to the court and says, 10 years, I would like a 10-year extension, at that point, we might agree that a hearing would be required. What if the doctor says, I can't tell you how long I need as an extension? I don't think that would be consistent with the statute. I think the doctor does need to request a time period. In this case, she said there was a substantial probability and she requested 120 days. And so, a point at which a hearing might be required under those particular circumstances we're not there now. Here, there was a very modest request for 120 days. And in fact, the district court said 120 days is sort of the outer bounds. And in fact, we know that it took less than 120 days. And as soon as Mr. Thomas was deemed competent, the doctor notified the court, and he's being returned. And that's exactly what due process and the statute would require. Unless the court has any further questions, I would submit. You've got a minute. Your Honor, I would just briefly note that in Duoff and Nadarajah, in those cases, the court said that when applying principles of constitutional avoidance, the court must look at the statute as it applies in all circumstances, not in this particular circumstance. And so the court said, so the government says that if the facility requested an extension of 10 years, then maybe in that circumstance a hearing would be required. But in determining whether or not a hearing is required under the statute, the court has to look at how the statute would apply in all circumstances. And it's a cardinal principle of statutory interpretation that when an act of Congress raises serious doubt as to its constitutionality, the court must first ascertain whether a construction of the statute is fairly possible by which the question may be avoided. And if there is a construction of the statute that's fairly possible, here, reading finding to imply a hearing, then unless such construction is plainly contrary to the intent of Congress, the court should adopt that interpretation. And the government pointed to nothing here today nor in its brief that would indicate that a hearing was plainly contrary to the intent of Congress. And having reviewed the statute              government has not argued that a hearing was plainly contrary to the intent of Congress. And the government has not argued that a     intent of Congress. Thank you.
judges: O'scannlain, Paez, Bea